UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DALE BOERNER,<br><br>     Petitioner,<br><br>     v.<br><br>KINGS COUNTY COURT, et al.,<br><br>     Respondents. | Case No.: 1:13-cv-00328-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on February 26, 2013 in the Sacramento Division of this Court. (Doc. 1). The matter was transferred to the Fresno Division on March 7, 2013. (Doc. 3).[1] On March 13, 2013, Petitioner filed his written consent to the jurisdiction of the U.S. Magistrate Judge for all purposes. (Doc. 9).

## PROCEDURAL HISTORY

A. <u>Procedural Grounds for Summary Dismissal.</u>

---

[1] The Court is aware that Petitioner has filed multiple habeas petitions in this Court in the past, all apparently challenging his 2011 Kings County conviction. E.g., 1:12-cv-01191-GSA, Boerner v. Barnes; 1:12-cv-01192-BAM, Boerner v. On Habeas Corpus; and 1:12-cv-01501-DLB, Boerner v. Office of Appeals. All three petitions were dismiss in September 2012 for lack of exhaustion. Subsequently, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied in December 2012. For purposes of this initial screening only, the Court will assume that Petitioner has exhausted his claims in state court.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

  B. <u>Insufficient Information And Failure To State A Cognizable Habeas Claim</u>.

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"   Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant

to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Here, Petitioner appears to challenge his 2011 conviction in the Kings County Superior Court. However, it is unclear from Petitioner's allegations the nature of that conviction, although it appears to stem from an altercation with prison staff while Petitioner was attempting to obtain medications. Petitioner alleges he was the victim of excessive force, not the assailant, that he is mentally ill and requires medications, that the trial court did not permit him to have a different court-appointed attorney, and that his request for information regarding complaints against the prison staff was denied. All of these allegations purport to be violations of California law.

Petitioner does **not** allege, however, a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams,

489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

In sum, Petitioner has submitted a petition that fails to comply with the requirements of Rule 2(c). Indeed, the Court cannot discern any specific and articulable claims for relief from the information provided nor what kind of relief Petitioner might be seeking, e.g., compensation for damages, a new trial, medical treatment, etc. *It is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated.* ***Petitioner has failed to meet these minimal pleading requirements***. Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.

C. Failure to Name A Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent the "Kings County Court" and "Judge Barnes." However, neither the Kings County Court nor Judge Barnes are the warden or chief officer of the institution where Petitioner is presently confined and, thus, they do not have day-to-day control over

1  Petitioner.  Petitioner is presently confined at the Mule Creek State Prison, Ione, California.  The
2  current director or warden of that facility is the person Petitioner should name as Respondent.
3  　　　　Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
4  lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326
5  (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
6  **However, the Court will give Petitioner the opportunity to cure this defect by naming the proper**
7  **respondent, i.e., the warden of his facility, in his first amended petition**.  See West v. Louisiana,
8  478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975)
9  (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
10 Washington, 394 F.2d 125 (9th Cir. 1968) (same).  Failure to State A Cognizable Federal Habeas
11 Claim.
12 　　　For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to
13 file an amended petition containing sufficient information for the Court to proceed with the case.

14 **ORDER**

15 　　　Based upon the foregoing, it is HEREBY ORDERED that:
16 　　　1. The instant petition for writ of habeas corpus is hereby **DISMISSED**.  Petitioner is
17 　　　　 GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST
18 　　　　 AMENDED PETITION that is in compliance with this Order.  The Clerk of the Court is
19 　　　　 DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28
20 　　　　 U.S.C. § 2254.
21 　　　Petitioner is forewarned that his failure to comply with this Order may result in an Order of
22 Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

25 IT IS SO ORDERED.

26 　　Dated:   **March 25, 2013**　　　　　　　　　　　　　**/s/ Jennifer L. Thurston**
27 　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
28