# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DALE BOERNER,<br><br>    Petitioner,<br><br>    v.<br><br>KINGS COUNTY COURT, et al.,<br><br>    Respondents. | Case No.: 1:13-cv-00328-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

    Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his original petition on February 26, 2013, in the Sacramento Division of this Court. (Doc. 1). The case was transferred to the Fresno Division on March 7, 2013. (Doc. 3). On March 26, 2013, after conducting a preliminary review of the petition and the supplement to the petition (Doc. 7), the Court ordered Petitioner to file an amended petition in order to remedy his failure to properly plead a federal habeas claim and his failure to name a proper respondent. (Doc. 10).

    On April 4, 2013, Petitioner filed an amended petition that appears to raise four grounds for relief based upon his December 12, 2010 conviction in the Kings County Superior Court. (Doc. 11). However, Petitioner has still failed to name a proper respondent, as required by the Court in its

previous order to amend.

As the Court explained in the previous order, a petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 **must name the state officer having custody of him as the respondent to the petition**. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). **<u>Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.</u>** <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> also, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. <u>Id</u>.

Here, in the First Amended Petition, Petitioner has named as Respondents the "Kings County Court" and "Judge Barnes." However, neither the "Kings County Court" nor "Judge Barnes" is the warden or chief officer of the institution where Petitioner is presently confined and, thus, they do not have day-to-day control over Petitioner. Petitioner is presently confined at the Mule Creek State Prison, Ione, California. **<u>The current director or warden of that facility is the person Petitioner should name as Respondent.</u>**

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility**. See <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). **In the interests of judicial economy, Petitioner *need not* file a second amended petition. Instead, Petitioner can satisfy this deficiency in his first amended petition by filing a motion entitled, "Motion to Amend the Petition to Name a Proper**

Respondent," wherein Petitioner may name the proper respondent in this action, i.e., the warden of Mule Creek State Prison.

## ORDER

Accordingly, it is HEREBY ORDERED that Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a motion entitled "Motion to Amend the Petition to Name a Proper Respondent." In the motion, Petitioner must name the proper respondent and request that the Court substitute the name of the proper respondent for the respondents presently named in the First Amended Petition.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110**.

IT IS SO ORDERED.

Dated: **April 18, 2013**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

3