UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DALE BOERNER, <br><br> Petitioner, <br><br> v. <br><br> KINGS COUNTY COURT, et al., <br><br> Respondents. | Case No.: 1:13-cv-00328-JLT <br><br> ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 11) <br><br> ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE <br><br> ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 7, 2013, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 9).

**PROCEDURAL HISTORY**

Petitioner filed his original petition on February 26, 2013, in the Sacramento Division of this Court. (Doc. 1). The case was transferred to the Fresno Division on March 7, 2013. (Doc. 3). On March 26, 2013, after conducting a preliminary review of the petition and the supplement to the petition (Doc. 7), the Court ordered Petitioner to file an amended petition in order to remedy his failure to properly plead a federal habeas claim and his failure to name a proper respondent. (Doc. 10).

On April 4, 2013, Petitioner filed an amended petition that appears to raise four grounds for relief based upon his December 12, 2010 conviction in the Kings County Superior Court. (Doc. 11).

1

1    However, in that first amended petition, Petitioner still failed to name a proper respondent, as required

2    by the Court in its previous order to amend.  Accordingly, on April 18, 2013, the Court issued a

3    second order to amend, once again instructing Petitioner that the Court lacked jurisdiction over the

4    parties unless Petitioner named the correct Respondent.  The following day, on April 19, 2013,

5    Petitioner filed a series of papers with handwriting on them that do not seek to name a proper

6    Respondent but appear to repeat the allegations raised in the first two petitions.  (Doc. 13).

7                                        **DISCUSSION**

8           As the Court explained in the previous order, a petitioner seeking habeas corpus relief under 28

9    U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.

10   Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.

11   1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person

12   having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

13   incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United

14   States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359,

15   360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate.

16   Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper

17   respondent is his probation or parole officer and the official in charge of the parole or probation

18   agency or state correctional agency.  Id.

19          Here, in the First Amended Petition, Petitioner has named as Respondents the "Kings County

20   Court" and "Judge Barnes."  (Doc. 11).  However, neither the "Kings County Court" nor "Judge

21   Barnes" is the warden or chief officer of the institution where Petitioner is presently confined and,

22   thus, they do not have day-to-day control over Petitioner.  Petitioner is presently confined at the Mule

23   Creek State Prison, Ione, California.  Petitioner has been advised twice that he must name the current

24   director or warden of that facility as the proper Respondent.  The original petition was filed on

25   February 26, 2013, and has been pending for over three months without the Court having jurisdiction

26   over the parties, despite the Court's clear instructions to Petitioner on how to proceed.  It appears to

27   the Court that the most recent response, filed on April 19, 2013, one day after the Court issued its

28   second order to amend, could not have been in response to that order.  Thus, almost two months have

elapsed since the Court ordered Petitioner to name a correct Respondent, but he has failed to respond to the Court's order in any way.

Petitioner's repeated failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1.  The first amended petition for writ of habeas corpus (Doc. 11), is DISMISSED for lack of jurisdiction over the parties;

2.  The Clerk of the Court is DIRECTED to enter judgment and close the file;

3.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   __June 12, 2013__                  _____/s/ Jennifer L. Thurston__
                                    UNITED STATES MAGISTRATE JUDGE

4